**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No.: 12-CV-0792 YGR |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO SEVER** |
| v. | |
| **KARL GRAY,** *et al.*, | |
| Defendants. | |

On August 4, 2014, the Court heard argument on a motion to sever filed by defendant Karl Gray. (Dkt. No. 409.) Defendant seeks to sever his trial from those of his remaining three co-defendants, alleging prejudicial joinder. Having considered the arguments of counsel at the hearing, the papers submitted, including the Government's ex parte submission to Magistrate Judge Cousins mentioned therein, and the Court's records, the Court **DENIES** Defendant Gray's motion.

**BACKGROUND**

Defendant Gray is charged with participating in a racketeering conspiracy for his participation in the Nuestra Familia ("NF") and its Nuestra Raza/Northern Structure affiliate, including that he and others would commit murder on behalf of NF, and various other offenses in a Second Superseding Indictment filed January 7, 2014. (Dkt. No. 355 at 13-14; *see* Second Superseding Indictment ¶¶ 10, 11, 17-28.) Two of his co-defendants, Henry Cervantes and Alberto Larez, are charged with potentially capital murder in the same Indictment (Counts 5 and 6 – Cervantes); (Counts 24 through 26 – Larez). Mr. Gray has not been charged in these counts.

**LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 8(b), "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." When defendants are indicted together, the federal system evinces a preference for joint trials. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Lane*, 474 U.S. 438, 449 (1986) (recognizing that joint trials "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial") (quoting *Bruton v. United States*, 391 U.S. 123, 134 (1968)). Only where joinder would create "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence" must the Court grant severance. *Zafiro*, 506 U.S. at 539. Neither a joint trial with more culpable codefendants nor an improved possibility of acquittal in a separate trial is sufficient by itself to warrant severance. *United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004) (citing *United States v. Baker*, 10 F.3d 1374, 1388 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000)).

Courts consider several factors when determining the prejudicial effect of a joint trial: (1) the jury's ability "to collate and appraise the individual evidence against each defendant"; (2) the judge's care in issuing appropriate limiting instructions; (3) the ordinary juror's competence in evaluating the evidence and applicable legal concepts; and (4) whether the defendants can demonstrate, with particularity, a risk that the joint trial would "compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Fernandez*, 388 F.3d at 1241. The first two factors are weighed most heavily. *Id.*

A joint trial is "particularly appropriate where co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the evidence would be admissible against each of them in separate trials." *Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004). That there may be spillover prejudice in such instances from the murders conducted by other gang members is not a sufficient reason to

sever, for the racketeering conspiracy statute renders such evidence relevant as to all engaged in the racketeering enterprise.

> proof of [RICO] elements may well entail evidence of numerous criminal acts by a variety of persons, and each defendant in a RICO case may reasonably claim no direct participation in some of those acts. Nevertheless, evidence of those acts is relevant to the RICO charges against each defendant, and the claim that separate trials would eliminate the so-called spillover prejudice is at least overstated if not entirely meritless.

*Fernandez*, 388 F.3d. at 1242 (citing *United States v. DiNome*, 954 F.2d 839, 843 (2d Cir. 1992)).

## DISCUSSION

Defendant Gray argues that severance should be granted because joining him in trial with his co-defendants would violate his due process rights under the Fifth Amendment. (Dkt. No. 409 at 6.) Defendant Gray contends that due to the nature of the crimes for which his co-defendants are charged (two murders) and the seriousness of the evidence likely to be admitted relating to those crimes, it will be very difficult for (1) the jury to compartmentalize the evidence and (2) the Court to fashion jury instructions in an attempt to mitigate prejudice. (*Id.*) Defendant further argues that justice is being unnecessarily delayed as to him, as the trial schedule (which sets trial for fall of 2015) is "entirely dependent" on the charges of his co-defendants. He thus contends that the only way for him to receive a constitutionally fair trial is to sever his case.

At this juncture, the Court disagrees. Defendant takes issue with the pending murder charges and argues that the existence of those charges and evidence relating to those murders – photographs of the victims, for example – would be unconstitutionally prejudicial to his right to a fair trial. In so arguing, Defendant appears to misunderstand the nature of the crime for which he, personally, is charged. Defendant is charged with racketeering conspiracy. The Superseding Indictment alleges that he agreed that NF members would kill actual and suspected members of rival gangs, individuals suspected of cooperating with law enforcement, individuals who defied the will of the NF, and others in order to maintain and increase their standing within the racketeering enterprise. Central to that charge is the Government's ability to proffer evidence of specific instances of such murders in order to establish that Defendant's gang, the NF, commits said acts.

3

The murder evidence will be introduced as probative on Defendant's guilt for racketeering conspiracy regardless of whether he is tried individually or as part of the joint trial. Indeed, when much of the same evidence would be admissible against the defendants in separate trials, "the concern for judicial efficiency is less likely to be outweighed by possible prejudice." *Fernandez*, 388 F.3d at 1242 (citations omitted). For this reason, the Court is unpersuaded that the fact of the murder charges against his two co-defendants is so severely prejudicial as to warrant a severance.

Finding that there is no "manifest prejudice" likely here, the calculus tips strongly against Defendant, particularly when the Court considers the practical benefits of joining all four remaining defendants' trials. As noted above, concerns about judicial economy are compelling where, as here, much of the same evidence would be admissible as to all defendants if they were to be tried individually. Furthermore, a district court's careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice arising from a joint trial. *Id.* at 1243. The Court finds no reason to assume that the jurors will not be able to follow carefully framed, frequent, or curative instructions. Indeed, it is an "almost invariable assumption of the law that jurors follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). The Court is confident that the jury will be able to comprehend an instruction regarding the relevance of any photographic evidence of the murders with respect to Defendant Gray's participation in the association-in-fact enterprise, and not as evidence that Defendant Gray committed the murders.

Defendant's final argument for a severance concerns the timing of trial. Defendant argues that the trial in these cases, set for fall of 2015, is "entirely dependent on the murder charges against the death-eligible defendants." (Dkt. No. 409 at 6.) The Court is unpersuaded. Defendant does not argue any credible basis to substantiate his assumption that trial as to him could proceed on any faster timeline. The date of a trial is dependent on many factors and Defendant does not persuasively argue that the parties could proceed to trial before the date currently set. In fact, Defendant impliedly concedes that he is not ready to proceed at this point in time. The Court is simply not convinced that an individual trial could commence at any appreciably faster pace.

Accordingly, the Motion to Sever is Denied.

4

This terminates Docket No. 409.

**IT IS SO ORDERED**.

Date: **October 3, 2014**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**