UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**KARL GRAY,**<br><br>Defendant. | Case No. 4:12-cr-00792-YGR-5<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 USC SECTION 3582(C)(1)(A)(I)**<br><br>Re: Dkt. Nos. 1743, 1744 |

Defendant Karl Gray is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the United States Federal Corrections Institution in Berlin, New Hampshire ("FCI Berlin"). Mr. Gray moves for an order modifying his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A). Mr. Gray requests that the Court reduce his sentence to the time he has served and to direct his release from the custody of the BOP. The Government did not file a response to the motion.

The Court has jurisdiction to grant the relief requested and, having carefully considered the papers and evidence[1] submitted, the Court **DENIES** the motion.

---

[1] Mr. Gray submitted records along with a motion to seal at Docket No. 1744. That motion to seal is **GRANTED**.

## DISCUSSION

Mr. Gray is serving a sentence imposed by this Court following his guilty plea on charges of racketeering 18 U.S.C. § 1962(d) and narcotics trafficking, 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). On December 21, 2016, this Court sentenced Mr. Cervantes to a term of imprisonment of 180 months (15 years) in prison in the custody of the BOP. (Dkt. No. 779.) With a projected release date of August 24, 2025, Mr. Gray has served a little more than 50% of his sentence.

Section 3582 provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). After considering the sentencing factors from 18 U.S.C. section 3553(a) "to the extent that they are applicable," a court may grant a motion to reduce a sentence under two circumstances, one of which is "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i).

With respect to whether an "extraordinary or compelling reason" justifies release, Mr. Gray argues that, despite his younger age (38 years old), he is particularly vulnerable to contracting COVID-19 and becoming seriously ill given the ongoing coronavirus (COVID-19) pandemic. Mr. Gray points to a history of hyperlipidemia, hypertension, and high blood pressure. Mr. Gray contends that "because of the largely unpredictable course of infections with this virus, any identifiable risk factor, even if temporarily under control, should be taken into account." (Dkt. No. 1743 at 7.) However, each condition appears currently to be under control.

The Court, having presided over a related multi-month trial in this matter, is thoroughly familiar with this case and the crimes of which Mr. Gray pled guilty. In deciding the motion, the Court takes into account the danger to the safety of any other person or to the community, as provided in 18 U.S.C. section 3142(g), which does not favor Mr. Gray's release. Finally, the Court has also considered the factors under 18 U.S.C. section 3553(a), which do not support Mr. Gray's request for compassionate release.

"General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing

Commission's policy statement on compassionate release, U.S.S.G. §1B1.13." *United States v. Eberhart*, 448 F.Supp.3d 1086, 1090 (N.D. Cal. Mar. 25, 2020) (Hamilton, J.). The law and the specific facts of this case weigh against granting of this motion.

For the foregoing reasons, defendant's motion for compassionate release is **DENIED**.

This Order terminates Docket Numbers 1743 and 1744.

**IT IS SO ORDERED.**

Dated: June 25, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**